UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

BROADWAY EQUITY HOLDINGS LLC,

                                  Debtor.
-----------------------------------------------------------------X
BROADWAY EQUITY HOLDINGS LLC,

                                  Plaintiff,

    - against -

JOSEPH GOLDBERGER, RYVKIE GOLDBERGER, Individually, and as Trustee of the GF IRREVOCABLE TRUST dated Jan. 28, 2016, NATHAN ROSENBAUM, Individually, and as Trustee of the 4 LYNCH STREET UNIT 6R TRUST dated Oct. 25, 2019, and as Trustee of the 2 S POST LANE TRUST dated Jan. 26, 2017, and as Trustee of the 13 LORIMER STREET TRUST dated Jan. 26, 2017, and as Trustee of the 417 FLUSHING AVENUE TRUST dated Jan. 26, 2017, and as Trustee of the 525 KENT AVENUE TRUST dated Jan. 26, 2017, and as Trustee of the 9455 COLLINS AVENUE TRUST dated Jan. 26, 2017, and SAMUEL GOLDBERGER individually, and as Trustee of the 525 KENT AVENUE REVOCABLE TRUST and "JOHN DOE NO. 1" through "JOHN DOE NO. 10", and said names being fictitious, it being the intention of Plaintiff to designate all persons, partnerships, corporations, or other entities in possession of the premises, as tenant or otherwise any/or all persons or entities having or claiming an interest in said premises,

                                  Defendants.
-----------------------------------------------------------------X

Chapter 11

Case No. 17-22242 (RDD)

Adversary Case No.

## COMPLAINT

Broadway Equity Holdings LLC ("BEH" or "Plaintiff") by its attorneys Robinson Brog Leinwand Greene Genovese & Gluck P.C., for its complaint, respectfully alleges as follows:

## PARTIES

1.    At all relevant times, BEH is a limited liability company organized under the laws of the State of New York with an office located in Kings County, State of New York.

2. Defendant Joseph Goldberger ("JG") is an individual and a citizen of the State of New York with a residence located in Brooklyn, New York.

3. Defendant Ryvkie Goldberger ("RG") is an individual and a citizen of the State of New York with a residence located in Brooklyn, New York.

4. Defendant Nathan Rosenbaum ("NR") is an individual and a citizen of the State of New York with a residence located in Brooklyn, New York.

5. Defendant Samuel Goldberger ("SG") is an individual and a citizen of the State of New York with a residence located in Brooklyn, New York.

6. At all relevant times, RG purported to act on behalf of the GF IRREVOCABLE TRUST dated Jan. 28, 2016 either as the actual trustee or the defacto trustee.

7. At all relevant times, NR purported to act on behalf of the following trusts as the actual trustee or defacto trustee: (i) 4 LYNCH STREET UNIT 6R TRUST dated Oct. 25, 2019, (ii) 2 S POST LANE TRUST dated Jan. 26, 2017, (iii) 13 LORIMER STREET TRUST dated Jan. 26, 2017, (iv) 417 FLUSHING AVENUE TRUST dated Jan. 26, 2017, (v) 525 KENT AVENUE TRUST dated Jan. 26, 2017, and (vi) 9455 COLLINS AVENUE TRUST dated Jan. 26, 2017 (collectively, the "NR Trusts").

8. All relevant times, SG purported to act on behalf of the 525 KENT AVENUE REVOCABLE TRUST (the "SG Trust").

9. Defendants "John Doe No.'s 1 – 10 are all presently unknown persons, partnerships, corporations, or other entities in possession of the subject premises complained of herein, as tenant or otherwise and any/or all persons or entities having or claiming an interest in said premises.

## JURISDICTION AND VENUE

10. BEH brings this adversary proceeding pursuant to (i) Sections 105 and 541 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) Rules 7001 and 7069 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (iii) Rule 69(a)(1) of the Federal Rules of Civil Procedure; and (iv) New York Law (Article 10 of the N.Y Debtor & Creditor Laws, and Articles 51 - 52, and 62 - 65 of the Civil Practice Law and Rules).

11. The Bankruptcy Court has constitutional authority to enter a final judgment in this adversary proceeding as a "core" proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (H), and (O) in that the complaint affects the administration of the bankruptcy estate and involves a determination of the Debtor's property rights within the meaning of §541.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On or about June 9, 2015, BEH commenced a state court foreclosure action ("State Court Action"), which was subsequently removed to the Bankruptcy Court for the Southern District of New York. The removed action was docketed as an adversary proceeding entitled *Broadway Equity Holdings LLC* v. *152 Broadway Haverstraw NY LLC, et al.,* Docket Number 17-08215-(RDD) (the "Adversary Proceeding") on or about June 15, 2017. JG and RG are defendants in the Adversary Proceeding.

14. Following a trial in the Adversary Proceeding at which the Bankruptcy Court made specific findings of JG's and RG's fraud, on May 28, 2020, the Bankruptcy Court entered a judgment (the "Judgment") which, *inter alia*, provided :

> **ORDERED, ADJUDGED, AND DECREED** that Plaintiff is entitled to a Judgment on the merits on its claim that by orchestrating the entry into and filing of the aforementioned Confessions of Judgment and the Correction Mortgage, the Borrowers, defendant Joseph Goldberger

("Goldberger"), and confession of judgment creditors Toby Weinberger, the Estate of Jeno Guttman, MFT Holdings LLC and Ryvkie Goldberger (collectively, the "Confession of Judgment Creditors") are jointly and severally liable to Plaintiff for damages proximately caused by such wrongful and fraudulent actions, including, but not limited to, costs and attorneys' fees incurred in the Adversary Proceeding and the underlying state court action brought the Supreme Court of New York, County of Rockland, and such damages and the allocation thereof among Goldberger and the Confession of Judgment Creditors will be determined at a hearing to be held by this Court, on notice to such parties, and a status conference to determine the date and time of such further proceedings shall be held by this Court on June 22, 2020 at 10:00 a.m.

15. Intentionally and with knowledge that both JG and RG faced liability from creditors like BEH, JG and RG, aided by NR and SG, divested themselves of their assets to render themselves judgment proof and fraudulently conveyed significant portions of their assets into trusts, both prior to and subsequent to the trial in the Adversary Proceeding.

16. The NR Trusts and the SG Trust are merely alter egos of RG and SG and are designed to impede and fustrate creditors like BEH.

17. At all relevant times, NR is a close family member of RG.

18. At all relevant times, NR acted as a front for RG and as the alter ego of RG.

19. SG is RG's and JG's son.

**The Properties**

Property # 1

20. By quitclaim deed dated January 26, 2017, RG as a member of JG Holdings Group LLC, conveyed Unit 1, located at 479 Bedford Avenue, Brooklyn, New York 11206, Block 2169 Lot 1201 in Kings County ("Property #1"), to NR as purported Trustee of the 479 Bedford Avenue Trust dated January 26, 2017 ("Bedford Avenue Trust").

21. The accompanying Form RP-5217NYC recites that the sale price was "zero" dollars.

22. Upon information and belief, RG was unable to finance the property held in the name of the purported Bedford Avenue Trust, so RG directed NR to convey Property #1 to RG individually, which NR did by deed dated July 20, 2017. The accompanying Form RP-5217NYC recites that the sale price was "zero" dollars.

Property # 2

23. By quitclaim deed dated January 26, 2017, RG fraudulently conveyed 2 Post Lane South, Airmont, New York, 10952, Section 56.17, Block 2 Lot 17 in Rockland County, Land Instrument Nos. 2017-13259 and 2014-21516 ("Property #2"), previously titled in her name, to NR as Trustee to the 2S Post Lane Trust dated Jan. 26, 2017.

24. The accompanying Form RP-5217NYC recites that the sale price was "zero" dollars and shows that RG retained control over the tax payments and was listed as the responsible party on behalf of the buyer 2S Post Lane Trust dated Jan 26, 2017.

Property # 3

25. By quitclaim deed dated December 17, 2018, RG fraudulently conveyed Unit 504 of a condominium located at 9455 Collins Avenue, Miami (Surfside), Florida 33154, Parcel Identification Number : 14-2235-028-0360 ("Property #3"), previously titled in her name, without fair consideration to NR purportedly as Trustee of the 9455 COLLINS AVENUE TRUST dated Jan. 26, 2017.

Property # 4

26. By quitclaim deed dated January 26, 2017, RG fraudulently conveyed Unit 2A located at 417 Flushing Avenue, Brooklyn, New York 11205, Block 2262 Lot 1603 in Kings County ("Property #4"), previously titled in her name, to NR as Trustee of the 417 Flushing Avenue Trust dated January 26, 2017.

27. The accompanying Form RP-5217NYC recites that the sale price was "zero" dollars.

Property # 5

28. By quitclaim deed dated January 26, 2017, RG fraudulently conveyed Unit 1B located at 13 Lorimer Street, Brooklyn, New York 11206, Block 2240 Lot 2202 in Kings County ("Property #5"), previously titled in her name, to NR as Trustee of the 13 Lorimer Street Trust dated January 26, 2017.

29. The accompanying Form RP-5217NYC recites that the sale price was "zero" dollars.

Property # 6

30. JG purchased 4 Lynch Street Unit 6R, Brooklyn, New York 11206, Block 2235, Lot 2012, in Kings County ("Property #6"), on or about March 31, 2011, for $610,950.00.

31. By quitclaim deed dated February 29, 2016, JG conveyed Property #6 to RG purportedly as Trustee of the GF Irrevocable Trust dated Jan. 28, 2016.

32. The accompanying Form RP-5217NYC recites that the sale price was "zero" dollars.

{01058793.DOCX;3 }                                                    6

33. By quitclaim deed dated October 25, 2019, RG purportedly as trustee fraudulently conveyed Property #6 to NR, purportedly as Trustee of the 4 Lynch Street Unit 6R Trust dated October 25, 2019.

34. The accompanying Form RP-5217NYC recites that the sale price was "zero" dollars.

Property # 7

35. On March 7, 2002, RG purchased 525 Kent Avenue, Brooklyn, New York, 11249, Unit 1B, Block 2165, Lot 1005, Kings County State of New York ("Property #7" together with Property#1, Property#2, Property#3, Property#4, Property #5 and Property #6, the "Transferred Properties").

36. By quitclaim deed dated January 26, 2017, RG fraudulently conveyed Property #7 previously titled in her name, to NR as Trustee of the 525 Kent Avenue Trust dated January 26, 2017.

37. The accompanying Form RP-5217NYC recites that the sale price was "zero" dollars.

38. By deed dated January 21, 2019, NR purported to convey the property to SG as Trustee of the 525 Kent Avenue Revocable Trust.

39. The accompanying Form RP-5217NYC recites that the sale price was "zero" dollars.

40. Each of JG, SG, NR and RG have utilized the same address with respect to the various deeds referenced in this complaint, to wit: 479 Bedford Avenue, Brooklyn, New York 11211.

## FOR A FIRST CAUSE OF ACTION
### (Intentional Fraudulent Conveyance N.Y. DCL § 276)

41. Plaintiff repeats and incorporates the prior paragraphs of this complaint as if set forth herein.

42. The defendants together, and in concert, intentionally conveyed the Transferred Properties and formed the NR Trusts and SG Trust in order to hinder, delay, or defraud present and/or future creditors (as that term is defined in Section 270 of the New York Debtor and Creditor Law), including BEH.

43. As the lengthy pattern of conveyances show, at all relevant times, JG and/or RG, dominated and controlled the NR Trusts and SG Trust, which were used to defraud creditors, including BEH.

44. All Transferred Properties were conveyed after the commencement of the State Court Action and at least one of the conveyances occurred subsequent to the trial of the Adversary Proceeding.

45. Accordingly, BEH is entitled to (i) have the fraudulent conveyances of the Transferred Properties voided and utilized to satisfy Judgment granted in the Adversary Proceeding, or (ii) recover the value of the Transferred Properties.

46. Additionally, in accordance with DCL § 276-a, BEH is entitled to its reasonable attorney fees.

## FOR A SECOND CAUSE OF ACTION
### (Constructive Fraudulent Conveyance N.Y. DCL § 273)

47. Plaintiff repeats and incorporates the prior paragraphs of this complaint as if set forth herein.

48. The defendants together, and in concert, formed the NR Trusts and SG Trust and conveyed the Transferred Properties without fair consideration.

49. The conveyance of the Transferred Properties rendered JG and RG insolvent.

50. Accordingly, BEH is entitled to (i) have the fraudulent conveyances of the Transferred Properties voided and utilized to satisfy the Adversary Proceeding Judgment, or (ii) recover the value of the Transferred Properties.

### FOR A THIRD CAUSE OF ACTION
### (Constructive Fraudulent Conveyance N.Y. DCL § 273-a)

51. Plaintiff repeats and incorporates the prior paragraphs of this complaint as if set forth herein.

52. The defendants together, and in concert, formed the NR Trusts and SG Trust and conveyed the Transferred Properties as set forth above without fair consideration.

53. At all relevant times, the defendants or their alter egos were defendants in the Adversary Proceeding.

54. Accordingly, BEH is entitled to (i) have the fraudulent conveyances of the Transferred Properties voided and utilized to satisfy the expected Adversary Proceeding Judgment or (ii) recover the value of the Transferred Properties.

### FOR A FOURTH CAUSE OF ACTION
### (Declaratory Judgment)

55. Plaintiff repeats and incorporates the prior paragraphs of this complaint as if set forth herein.

56. Plaintiff, as judgment creditor in the Adversary Proceeding, has the right to ask the Court to declare its superior rights to the seven properties identified in this complaint.

57. By throwing up roadblocks in the form of dummy trusts and fraudulent deeds, the defendants together, and in concert, have clouded plaintiff's ability to enforce its Adversary Proceeding Judgment.

58. Accordingly, an actionable and justiciable controversy of sufficient immediacy exists, and a declaratory judgment would set forth the superiority of BEH's rights with clarity; BEH is entitled to have its superior rights as judgment creditor declared by the Court so that the Court's Adversary Proceeding Judgement may be rendered enforceable.

**WHEREFORE**, this Court should enter a Judgment:

(1) Restraining the defendants and their agents from dissipating and disposing of the assets and the properties located at: (i) 479 Bedford Avenue, Brooklyn, New York 11206, Unit 1, Block 2169, Lot 1201, in Kings County, State of New York; (ii) 2 Post Lane South, Airmont, New York, 10952, Section 56.17, Block 2, Lot 17 in Rockland County, State of New York; (iii) 9455 Collins Avenue, Miami (Surfside), Florida 33154, Unit 504, Parcel Identification Number : 14-2235-028-0360; (iv) 417 Flushing Avenue, Brooklyn, New York 11205, Unit 2A, Block 2262, Lot 1603, in Kings County, State of New York; (v) 13 Lorimer Street, Brooklyn, New York 11206, Unit 1B, Block 2240, Lot 2202, in Kings County, State of New York; (vi) 4 Lynch Street, Brooklyn, New York 11206, Unit 6R, Block 2235, Lot 2012, in Kings County, State of New York; and (vii) 525 Kent Avenue, Brooklyn, New York, 11249, Unit 1B, Block 2165, Lot 1005, Kings County, State of New York;

(2) Setting aside and anulling the defendants' fraudulent conveyances of the Transferred Properties or recovering the value of the Transferred Properties ;

(3) Appointing a reciever: (i) to take charge of the aformentioned assets and Transferred :Properties ; (ii) to arrange the satisfaction of the Judgment in the Adversary

{01058793.DOCX;3 }                                    10

Proceeding ; and (iii) to take and do any and all acts designed to satisfy the Plaintiff's Judgment, including collecting rent and the public sale(s) of the properties or their condominium interests at the Kings and/or Rockland County and/or Miami Dade County foreclosure parts or at a private sale(s) in accordance with the receiver's best business judgment;

(4)    Ordering the defendants to execute and deliver any documents necessary to affect the above relief;

(5)    Awarding Plaintiff's damages and reasonable attorneys' fees, costs and disbursements; and

(6)    Granting such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       June 4, 2020

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

By: /s/ Fred B. Ringel
Fred B. Ringel
875 Third Ave, 9th floor
New York, New York 10022
Tel: 212-603-6300
Fax: 212-956-2164
*Attorneys for Plaintiff-Judgement Creditor*